55 So.2d 575 (1951)
JACKSON et al.
v.
FLORIDA WEATHERMAKERS, Inc., et al.
Supreme Court of Florida, Division B.
October 5, 1951.
On Rehearing December 14, 1951.
Rehearing Denied January 3, 1952.
*576 Marks, Gray, Yates & Conroy, Francis P. Conroy and Harry T. Gray, all of Jacksonville, for appellants.
Fleming, Jones, Scott & Botts, Charles R. Scott and William L. Durden, all of Jacksonville, for Florida Weathermakers, Inc.
John M. McNatt, Jacksonville, and Claude K. Slater, Jacksonville, for H.L. Hall, et vir, appellees.
Will O. Murrell and Will O. Murrell, Jr., Jacksonville, for Nellie B. Creasy, appellees and cross-appellants.
ROBERTS, Justice.
J.E. Jackson and T.F. Cowart, trading and doing business as Jacksonville Meat Company (hereinafter referred to as "Jax Meat"), owned and operated a grocery store in Jacksonville, Florida, at the time of the occurrence of the matters and things with which we are here concerned. Jax Meat entered into a written contract with Florida Weathermakers, Inc., for the installation of an air conditioning system in the grocery store; and Florida Weathermakers sub-contracted the electrical wiring part of the job to H.L. Hall, trading and doing business as Hall Electrical Company (hereinafter referred to as "Hall.") After the work of installing the air conditioning system had been commenced by Florida Weathermakers and at a time when Hall's employees were engaged in running the wiring system through the attic of the store, a celotex tile fell from the ceiling of the store and struck and injured Mrs. Nellie B. Creasy, who was shopping for groceries in the store. Mrs. Creasy and her husband thereupon filed suit against Jax Meat, Florida Weathermakers, and Hall to recover damages for her injuries.
The three defendants  who defended the suit separately  filed their respective answers, denying the allegations of the complaint; and Jax Meat also filed cross-claims against Florida Weathermakers and Hall, alleging therein that the sole proximate cause of Mrs. Creasy's injuries was the negligence of Hall's or Florida Weathermaker's employees, or both, and that by virtue of the contract between Jax Meat and Florida Weathermakers (which contained a Public Liability Insurance clause) one or both of such co-defendants would be liable over to Jax Meat for all damages, if any, sustained by Jax Meat in the suit. The cross-claims were dismissed upon the motions of the two co-defendants, and the cause went to trial on the issues made by the complaint and the several answers of the defendants, that is, whether each defendant was negligent as charged.
Trial was had before a jury, whose verdict found in favor of the plaintiffs and against Jax Meat and, further, that the defendants Florida Weathermakers and Hall were not guilty. Damages were assessed by the jury against Jax Meat in Mrs. Creasy's favor in the amount of $22,000, and for her husband in the amount of $2,500. Judgment was thereupon entered in accordance with such verdict, after the motions for new trial filed by Jax Meat and by the plaintiffs had been denied. Both *577 Jax Meat and the plaintiffs have appealed, but it must be assumed that the plaintiffs have abandoned their cross-appeal, since they have not here briefed or argued their assignments of error and have, in fact, presented a brief in favor of the correctness of the judgment.
We have, then, a situation wherein one defendant, Jax Meat, is the appellant, and the two co-defendants and the plaintiffs are the appellees. A brief in support of the correctness of the judgment has been filed by each of the three appellees.
Jax Meat first contends that the verdict in favor of Florida Weathermakers and Hall and against Jax Meat is inconsistent and should not be allowed to stand, on the theory that Jax Meat is only "derivatively" liable for the injury; and that since the "principal actor," to wit, Hall, has been exonerated, Jax Meat cannot be held liable. There is no merit to this contention.
The plaintiff charged that Jax Meat knew or in the exercise of reasonable care should have known that Hall's employees were engaged in work between the ceiling joists and roof rafters "thereby creating a dangerous condition and hazard to the plaintiff and others below in said area, * * *"; that it was the duty of Jax Meat "to furnish a safe place for the plaintiff, Nellie B. Creasy, to walk and shop in and about said store and to warn the said plaintiff of the danger of the concealed workmen overhead;" that Jax Meat "failed to comply with their duty in that behalf and carelessly and negligently kept said store open to the public where plaintiff was invited to enter and shop where said concealed workmen were working overhead," and that plaintiff "was thereby furnished an unsafe place to walk and shop therein." Thus, the plaintiff charges Jax Meat with a separate and independent tort from that of its co-defendants, who were sought to be held liable for a concurring act of negligence, to wit, that the agent or employee of one or both of them "so negligently and carelessly managed and conducted himself as to cause one of said `celotex' blocks with great force and violence to fall down into against and upon the plaintiff, Nellie B. Creasy."
Jax Meat's liability, then, is not based on the substantive law of agency or respondeat superior, but on the substantive law of torts. See Devine v. Kroger Grocery & Baking Co., 349 Mo. 621, 162 S.W.2d 813. If, in fact, the proof is sufficient to show that Jax Meat failed in its duty to provide plaintiff with a safe place in which to shop, and that this was a substantial factor in causing her injury, then Jax Meat may be held responsible for the entire injury to plaintiff. 52 Am.Jur., Torts, page 451; Restatement of Torts, Vol. 4, Section 879. As stated in Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353, 359: "A co-defendant in a tort action cannot complain of a verdict rendered in the other defendant's favor, because there can be no contribution among tort-feasors. If an injury be caused by the concurring negligence of two or more parties, each of them is liable to the injured party to the same extent as though it had been caused by his negligence alone. If a judgment for damages in a tort action be rendered against one and in favor of the other defendant or defendants, the only party to the case who has a right to complain of the verdict and judgment rendered in favor of the other party or parties is the plaintiff in the court below." See also H.E. Wolfe Const. Co. v. Ellison, 127 Fla. 808, 174 So. 594, 605. The plaintiffs are not here complaining of the verdict and judgment in favor of Florida Weathermakers and Hall and, in fact  as heretofore noted  have briefed this question against the contention of Jax Meat.
Jax Meat next contends that, in order to sustain the verdict and judgment by which it alone is held liable for Mrs. Creasy's injuries, the evidence must show that its negligence was the sole proximate cause of the injury, that is, that the celotex tile would have fallen even though the workmen above the ceiling had exercised the greatest of care; that this was known or should have been known by Jax Meat, and that Jax Meat should therefore have warned the plaintiff or excluded her from the area of the store above which the men *578 were working. We cannot agree to this contention.
There was ample substantial evidence that Jax Meat knew, or in the exercise of reasonable care should have known, of the presence of Hall's employees above the ceiling joists in the attic of the store; and the jury had the right to find that, in the exercise of reasonable care, Jax Meat should have warned of the danger or else have blocked off that section of the store. Its failure to do either was, in and of itself, an independent tortious act which was a substantial factor in causing the plaintiffs' injuries  since, obviously, Mrs. Creasy would not have been injured if the section underneath the area where the men were working had been blocked, and it is unlikely that she would have assumed the risk of shopping in that area in the face of a warning of the danger. Thus, under the rule stated in Crenshaw Bros. Produce Co. v. Harper, supra, Jax Meat's liability for the entire injuries was fixed when it was proved guilty of an independent tortious act which was a substantial factor in causing the injuries, regardless of whether Hall's agent or employee was or was not guilty of a concurring act of negligence.
Jax Meat also contends that it was reversible error to dismiss its cross-claims against Florida Weathermakers and Hall seeking to recover over from such co-defendants for any liability which might be imposed on Jax Meat. The cross-claims were attacked on the grounds that (1) they failed to state a cause of action, (2) there can be no contribution between joint tort feasors, and (3) the subject matter of the cross-claim did not arise out of "the transaction or occurrence that is the subject matter" of the original action. No one of such grounds was sufficient as a basis for dismissing the cross-claims, and it was error so to do. While such cross-claims may not have stated a cause of action under the general principles of contribution among joint tort feasors  which we do not here decide  they certainly stated a cause of action for indemnity based on the contract with Florida Weathermakers, since it was alleged therein that the negligence of Florida Weathermakers' and/or Hall's employee was the sole proximate cause of Mrs. Creasy's injuries. Nor can the allegation that the cause of action was not a proper subject for a cross-claim be sustained. The statute, Section 52.11(7) provides that "Such cross-claim may include a claim that the party against whom it is asserted, is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." We think this is sufficiently broad to cover a claim for indemnity arising out of contract, particularly in view of the provisions of paragraph (9) of Section 52.11 that "When found necessary to the ends of justice, the court may order separate trials of the issues made by any counterclaim or cross-claim, * * *."
But we do not think the error in dismissing the cross-claims is sufficient to require a reversal of the judgment here appealed from. The plaintiffs are not concerned with the side issues between Jax Meat and its co-defendants as to which should be ultimately responsible for the damages assessed against Jax Meat. As heretofore noted, Jax Meat may properly be held responsible for the entire harm, insofar as the plaintiffs are concerned. Nor did Jax Meat have an absolute right to have the claim against it tried jointly with its claim against Florida Weathermakers and Hall, since if found necessary "to the ends of justice," the court could have ordered a separate trial of such cross-claim. Section 52.11(9), supra.
Since, however, it was error to dismiss the cross-claims, we think that justice will best be served by re-instating the cross-claims so that, after answer thereto, trial may be had on the question of the liability thereunder of the co-defendants, and so that Jax Meat and its co-defendants may litigate adversely among themselves the question of negligence raised by the cross-claims and the co-defendants' answers thereto.
We have carefully considered the remaining questions posed by Jax Meat, and have found no reversible error.
Insofar as the question of damages is concerned, it has not been made to appear *579 that it was so greatly disproportionate as to justify a reversal or a remittitur. Mrs. Creasy's neck was broken by the impact of the tile, and she was required to wear a rigid neck brace for many months. She suffered great pain and discomfort for a long time, and still suffers intermittent pains of the head and neck, especially during cold or damp weather. There was evidence that the broken vertebra was re-united in a displaced position, so that Mrs. Creasy would have permanent pain and discomfort due to this condition. She has been forced to employ domestic help to do her housework. Under all the circumstances, we do not feel justified in substituting our judgment for that of the jury on the question of Mrs. Creasy's damages.
For the reasons stated, the judgment appealed from is affirmed, with directions to re-instate the cross-claims filed by Jax Meat against Florida Weathermakers and Hall; and the cause is remanded for trial of such cross-claims in accordance with the opinions herein expressed.
Affirmed and remanded.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.

On Rehearing.
PER CURIAM.
On rehearing granted, we have reconsidered that portion of our former opinion respecting the cross-claims of Jax Meat against Florida Weathermakers and Hall and have determined that it was error to re-instate such cross-claims and remand the cause for trial thereof.
After the cross-claims were dismissed, the trial court proceeded to a trial on the question of the negligence of each defendant. The transcript reflects that each defendant separately defended the charge against it and actively participated in the examination or cross-examination of the witnesses, and it appears that the defendants did actually litigate adversely among themselves the question of whether the plaintiff's injuries were caused "solely and proximately" by reason of the negligence of Hall's employees, as alleged in the cross-claims. Under such circumstances, the jury's verdict of "not guilty" as to Hall must be held to be res adjudicata of the question of Hall's negligence. See Restatement of the Law of Judgments, Section 106; 42 C.J.S., Indemnity, § 32; City of Mobile v. George, 253 Ala. 591, 45 So.2d 778; Town of Flagstaff v. Walsh, 9 Cir., 9 F.2d 590, certiorari denied 273 U.S. 695, 47 S.Ct. 92, 71 L.Ed. 844.
The cross-claim against Florida Weathermakers was bottomed solely on the contract between Jax Meat and Florida Weathermakers whereby Florida Weathermakers agreed to procure "public liability insurance," which in the absence of clear and unequivocal terms must be construed to be a contract to indemnify only against the negligence of the indemnitor, and not that of the indemnitee. 27 Am.Jur., Indemnity, Section 15; cases collected in Division IV, Subdivision B, of the annotation beginning at page 8 of 175 A.L.R. Since Florida Weathermakers and its subcontractor were exonerated by the verdict of the jury, it is no longer important whether or not Florida Weathermakers procured such "public liability insurance."
Section 54.23, Florida Statutes, F.S.A., provides that "No judgment shall be set aside or reversed, or new trial granted * * * unless * * * it shall appear that the error complained of has resulted in a miscarriage of justice." Since, as has been shown, the issues of fact presented by the cross-claims were actually litigated and were determined adversely to Jax Meat, the error in dismissing such cross-claims must be held to be harmless. See 5 C.J.S., Appeal & Error, § 1687, page 857; McKay v. Corwine, 69 Ind. App. 208, 119 N.E. 471; Frankfort Modes Glass Works v. Arbogast, 148 Ky. 4, 145 S.W. 1122.
We therefore recede from that part of our original opinion remanding the cause for a trial of the counterclaims, and the judgment of the lower court is
Affirmed.
SEBRING, C.J., and CHAPMAN, ROBERTS, and MATHEWS, JJ., concur.