PER CURIAM.
This interlocutory appeal seeks the review and reversal of an order awarding attorney’s fees and costs in a proceeding for the dissolution of a Florida corporation under the provisions of § 608.28, Fla.Stat., F.S.A.
The appellant contends that the decree should be reversed (1) because there was no statutory or contractual right to attorney’s fees, and (2) because a portion of the costs assessed against the appellant was for depositions which were not offered or admitted in evidence. The appellees urge that their counsel was employed by the president of the corporation sought to be dissolved and that said officer had authority to employ counsel and thereby bind the corporate assets to the payment of counsel fees.
After oral argument, and a consideration of the briefs and the appendices of both parties, we conclude that the decree should be reversed. It has long been held in this state that attorney’s fees cannot be charged as a general rule in the absence of statutory authority or agreement. Our attention has not been directed to any contract of appellees for the payment of attorney’s fees, or any statutory support therefor, and in the absence of same, we conclude that the able chancellor was without authority to make the award. See Thibert v. Thibert, Fla.App.1958, 106 So.2d 918; Hoffman v. Barlly, Fla.App.1957, 97 So.2d 355.
As to the appellant’s second contention, that the cost of taking and transcribing depositions which were not offered or admitted in evidence was not taxable as costs, we conclude that this contention is well taken. There appears in the appendix a certificate of the chancellor to the effect that no depositions were used at the hearing upon petition for attorney’s fees, and further, it would appear that the decree of dissolution was entered upon an amended complaint and the answer thereto. In the absence of any finding by the chancellor to the effect that the depositions had served a useful purpose, the award of costs for taking and transcribing of such depositions was without basis. See Emigh v. Tinter, Fla.App.1959, 108 So.2d 913; Dorner v. Red Top Cab & Baggage Company, 160 Fla. 882, 37 So.2d 160.
That portion of the order awarding attorney’s fees and costs of the depositions is reversed, and the cause is remanded for the entry of an amended order awarding costs in the sum of $18.40.
It is so ordered.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.