BARKDULL, Judge.
Pursuant to previous order of this court, the above cases were consolidated for purposes of oral argument. The appellants, by their appeals, seek reversal of a final judgment rendered on a counter-claim of common law indemnity arising out of an injury which occurred on premises owned and operated by the appellee, Food Fair Stores. The factual circumstances surrounding the nature of the injuries, which gave rise to this action, are set forth in the opinion of this court rendered this day in Food Fair Stores, North Dade, Inc., et al. v. Winkelmann, Fla.App., 135 So.2d 6.
Food Fair Stores contended that it had an indemnification agreement from the appellants prior to the time it permitted an amusement device to be brought upon its premises. Said indemnity was alleged by Food Fair to be against “ * * * any and all claims for losses, etc., resulting in the operation of said electrical hobby horse.” The defendants filed answers denying any such agreement. The pleadings were in conflict and the evidence adduced by all parties supported their pleadings and was, likewise, in conflict. Upon appropriate in *10 structions, the matter was submitted to a jury which resolved the conflicts in favor of Food Fair, and a judgment was entered thereon which is the subject matter of this appeal.
The jury, which found for the injured party, established that Food Fair and the appellants, St. Pierre and McBroom, were guilty of negligence in the operation of the amusement device. In Food Fair et al. v. Winkelmann, supra, we have reversed the judgment as to the negligence of McBroom. The jury that determined the question of liability to the injured party also determined the question of liability under the indemnification agreement. Both these issues were submitted to the same jury, and no objection to this procedure has been preserved for review by this court.
The agreement for indemnification in this cause was alleged to be one which protected Food Fair against its own negligence, and the jury resolved any conflict in the evidence in favor of Food Fair, and their verdict should not be disturbed. Such agreements have been held valid many times. See Santa Fe, Prescott & Phoenix Railway Co. v. Grant Brothers Construction Co., 228 U.S. 177, 33 S.Ct. 474, 57 L.Ed. 787; Indemnity Insurance Co. v. Koontz-Wagner Electric Co., 7 Cir., 1956, 233 F.2d 380; Rice v. Pennsylvania R. Co., 2 Cir., 1953, 202 F.2d 861; Booth-Kelly Lumber Co. v. Southern Pacific Co., 9 Cir., 1950, 183 F.2d 902, 20 A.L.R.2d 695; Philippine Air Lines, Inc., v. Texas Engineering & Mfg. Co., 5 Cir., 1950, 181 F.2d 923; J. V. McNicholas Transfer Co. v. Pennsylvania R. Co., 6 Cir., 1946, 154 F.2d 265; Baltimore & O. R. Co. v. Youngstown Boiler & Tank Co., 6 Cir., 1933, 64 F.2d 638; 175 A.L.R. 1.
The case of Jackson v. Florida Weathermakers, Inc., Fla.1951, 55 So.2d 575, relied on by appellants, is distinguishable from this cause in that the agreement referred to in the cited case provided only for indemnity against the negligence of the in-demnitor and not that of the indemnitee. An indemnity against losses includes indemnification against the indemnitee’s ordinary negligence. See Annotation, 175 A.L.R. 1, particularly §§ 20 and 73.
Affirmed.