142 So.2d 299 (1962)
FONTAINEBLEAU HOTEL CORPORATION, a Florida Corporation, Appellant,
v.
Joseph M. POSTOL, Appellee.
No. 61-478.
District Court of Appeal of Florida. Third District.
June 19, 1962.
Meltzer & Nesbitt and Murray Goldman, Miami, for appellant.
*300 Papy, Talburt & Carruthers, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
HORTON, Judge.
The appellant seeks review of an order granting judgment for $1,000 in attorney's fees to the appellee.
The appellee entrusted his automobile to his wife, who drove to the appellant's hotel and, for a money consideration, turned it over to appellant's employee to be parked While attempting to park the car, the employee was involved in an accident which resulted in personal injuries to Benjamin Ragin. Ragin brought a negligence action naming appellant and appellee as parties defendant. The appellee filed a cross-claim seeking to recover from the appellant the exact amount of damages he might suffer as a result of the action. At the trial, appellant and appellee stipulated that a bailment-for-hire existed between them; that the appellant was the sole wrongdoer, and appellee was liable vicariously, if at all: and that in the event Ragin received a judgment against the appellee, appellee was entitled to a judgment against the appellant in like amount. There was no agreement or stipulation between the parties relative to attorney's fees, nor are such fees authorized by statute in this case. Ragin recovered a verdict for $6,037 which was satisfied by the appellant. Subsequently, the trial court entered the order appealed granting judgment in favor of the appellee against the appellant for $1,000 in attorney's fees in defending the action.
The determinative question here is whether a bailee-for-hire, whose negligent operation of an automobile results in an action being brought by a third party against the bailor, should be required to indemnify the bailor for attorney's fees expended in defense of the action.
The appellant urges the applicability to this case of the rule that attorney's fees cannot be charged in the absence of statutory authority, unless the defendant is bound for their payment by contract. Ginsberg v. Ginsberg, Fla.App. 1961, 128 So.2d 435; Thibert v. Thibert, Fla.App. 1958, 106 So.2d 918; Dorner v. Red Top Cab & Paggage Co., 160 Fla. 882, 37 So.2d 160; Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892. The situation involved in the instant case does not appear to be within the purview of this rule.
In the instant case, an indemnitee is seeking to recover an attorney's fee as a part of the damages to which he is entitled.[1] The rule applicable to such a situation is stated in 42 C.J.S. Indemnity § 13d:
"As a general rule an indemnitee is entitled to recover, as a part of the damages, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified * * *."
To the same effect is 27 Am.Jur., Indemnity, § 27.
In the light of the foregoing, the order appealed should be, and is accordingly, affirmed.
Affirmed.
NOTES
[1] See Hutchins v. Campbell, Inc., Fla.App. 1960, 123 So.2d 273, where it was held that the bailor of an automobile who had become liable to a third person injured by the negligence of a bailee, was entitled to be indemnified by the bailee in the absence of any active negligence chargeable to the bailor. See also Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316.