189 So.2d 522 (1966)
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellant,
v.
Robert L. ELMORE, Glen Damon, William Freeman, William Murray, As and Constituting the Surviving Trustees of Sunshine Contractors, Inc., a Dissolved Florida Corporation, and Liberty Mutual Insurance Company, a Massachusetts Corporation, Appellees.
No. 65-853.
District Court of Appeal of Florida. Third District.
August 2, 1966.
Rehearing Denied September 13, 1966.
*523 Scott, McCarthy, Steel, Hector & Davis and George W. Wright Jr., Miami, for appellant.
Blackwell, Walker, Gray and James E. Tribble, Miami, for appellees.
Before PEARSON, CARROLL and BARKDULL, JJ.
CARROLL, Judge.
This is an appeal by the plaintiff below from a judgment in favor of the defendants, rendered in an action in the circuit court in Dade County on trial of the cause before the court without a jury. The determinative question here, as in the trial court, is whether the agreement sued upon indemnified the indemnitee against losses resulting from its own negligence.
The circumstances which resulted in the loss for which the plaintiff sought indemnity are revealed in the reports of certain of the cases which arose between parties to the transaction. See Florida Power & Light Company v. Ahearn, Fla. 1960, 118 So.2d 21; Ahearn v. Florida Power & Light Company, Fla.App. 1961, 129 So.2d 457.
The indemnity contract as contained in the purchase order was as follows:
"Contractor, [Sunshine Contractors, Incorporated] upon acceptance of this purchase order, agrees to hold the Company free and unharmed against any liabilities whatsoever resulting in connection with performance of the described work by Contractor or its employees."
The trial court was eminently correct in holding that the contract did not indemnify the indemnitee against losses resulting from its own negligence, and in so holding followed the law as established by the Supreme Court in Jackson v. Florida Weathermakers, Fla. 1952, 55 So.2d 575, on rehearing at p. 579, and as held by this court in Nat Harrison Associates, Inc. v. Florida Power & Light Company, Fla.App. 1964, 162 So.2d 298. And see Smith v. Ryan, Fla. App. 1962, 142 So.2d 139, 141.
In the Jackson case the Supreme Court held that "in the absence of clear and unequivocal terms [an indemnity contract] must be construed to be a contract to indemnify only against the negligence of the indemnitor, and not that of the indemnitee," citing 27 Am.Jur., Indemnity, § 15 and the Annotation in 175 A.L.R., Division IV, Subdivision B (§ 17, p. 29) where the rule is so stated, with the addition that intent to indemnify the indemnitee against his own negligence will not be inferred from general language, and that such contracts are to be strictly construed. The contract in the instant case contains no reference to indemnifying against negligence of the indemnitee, or other language indicating by clear and unequivocal terms the intent to do so.
Accordingly, the judgment appealed from is affirmed.
Affirmed.