204 So.2d 756 (1967)
THOMAS AWNING & TENT CO., Inc., a Florida Corporation, Appellant,
v.
TOBY'S TWELFTH CAFETERIA, INC., a Florida Corporation, Appellee.
No. 66-901.
District Court of Appeal of Florida. Third District.
December 5, 1967.
Poole & Vogelsang, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and DURDEN, WILLIAM L., Associate Judge.
DURDEN, WILLIAM L., Associate Judge.
The basic incident out of which this law suit arises has been to this court before. See Beebe v. Kaplan and Thomas Awning & Tent Co., 177 So.2d 869 (Fla.App. Third District 1965). We held there that the injured party, Anna Beebe, was entitled to a jury trial in her cause of action for negligence against Kaplan but affirmed the trial judge in granting a motion for summary judgment in favor of Thomas Tent & Awning Company. The facts of the accident and the identification of the parties and issues are summarized in that opinion and there is no need to repeat what is therein contained.
Thomas Awning and Tent Company leased a tent and incidental equipment to Toby's Cafeteria, Inc. for use on the premises of Kaplan for a lawn party. Anna Beebe was a temporary servant assisting at the party and was injured. In the negligence action Anna Beebe sued both Kaplan and Thomas Awning alleging Acts of joint and several negligence against each of them. As is indicated above, Thomas Tent and Awning Company was successful as a matter of law on the negligence charges against it.
The lease agreement between Thomas Awning on the one hand and Toby's Cafeteria *757 on the other, erroneously refers to Thomas Awning and Tent Company as the lessee rather than the lessor but otherwise the language is clear that it was the intention of the parties to have Toby's Cafeteria indemnify Thomas Awning and Tent Company while the tent and equipment was under the control and in the possession of said Toby's Cafeteria.
Thomas Awning & Tent Company, Inc., has brought this suit seeking to recover from Toby's Cafeteria, Inc. attorneys fees and costs involved in the successful defense of the suit by Anna Beebe, both at the trial court and the appellate levels and for costs and attorneys fees incurred as a result of the institution of this present suit. After the filing of a second amended complaint the trial court granted a motion to dismiss without leave to further amend. It is from this order that this appeal has been taken and on which the determination must be made here.
The language of the lease provides that Toby's agreed "to hold lessee harmless from any loss or claims for damages and/or injuries while leased merchandise is in the possession of lessor". There are two questions of law to be decided on this appeal.
The first is whether or not such language should be construed to hold the indemnitor liable for the indemnitee's own negligence. This question has been clearly decided by this court in the case of St. Pierre v. Food Fair Stores, 135 So.2d 9 (Fla.App.3rd District). In that case it was alleged that the indemnitor agreed to protect indemnitee against "any and all claims for losses, etc. resulting in the operation of said electrical hobby horse". As stated by Judge Barkdull, "An indemnity against losses includes indemnification against the indemnitee's ordinary negligence".
This conclusion is in keeping with the general rules regarding the construction of such agreements between lessors and lessees contained in an annotation entitled "Validity of Contractual Provision By One Other Than Carrier Or Employer For Exemption From Liability Or Indemnification For Consequences For Own Negligence, 175 A.L.R. 8, Page 83:
"Lessors frequently insist upon insertions into the lease contract of an exculpatory clause, specifically or generally providing that the lessor shall not be liable for damages or injuries to the lessee from all or certain causes, and such clause has been held valid and enforceable in the great majority of jurisdictions although it has been construed as exempting the lessor from liability even in case of acts of his own negligence".
A similar conclusion has been reached by the United States Court of Appeals for the Fifth Circuit, Jacksonville Terminal Company v. Railway Express Agency, Inc., (1962) 5 Cir., 296 F.2d 256. See also Fla. Jur., Indemnity § 6 and Mutual Employees Trademart, Inc. v. Armour Services of Florida, Inc., 170 So.2d 64 (Fla.App. Third District 1964).
The next question that needs to be determined is whether or not such an indemnity agreement covers attorneys fees and costs. This, too, has been previously and clearly decided by this court. See Fountainbleau Hotel Corporation v. Postol, Fla.App., 142 So.2d 299, wherein Judge Horton, speaking for the court, said:
"`As a general rule an indemnitee is entitled to recover, as a part of the damages, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified * * *.'"
It therefore follows that the trial court improperly dismissed the second amended complaint and this cause is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
*758 PEARSON, Judge (dissenting).
I respectfully dissent from the decision of the majority. The fundamental question is whether the language in the agreement, "* * * to hold lessee harmless from any loss or claims for damages and/or injuries while leased merchandise is in the possession of the lessor", indemnified the indemnitee against losses resulting from its own negligence.
The majority relies upon the case of St. Pierre v. Food Fair Stores, Fla.App. 1961, 135 So.2d 9, in reaching the holding that the clause involved includes indemnification against the indemnitee's ordinary negligence. It is true that language very similar to that involved in the instant case was present in that decision. I think however, that there are other decisions which indicate a contrary holding.
This point was discussed by the Supreme Court of Florida in Jackson v. Florida Weathermakers, Fla. 1952, 55 So.2d 575, on rehearing at p. 579. It was held that "in the absence of clear and unequivocal terms [an indemnity contract] must be construed to be a contract to indemnify only against the negligence of the indemnitor, and not that of the indemnitee", citing 27 Am.Jur., Indemnity, § 15 and the Annotation in 175 A.L.R., Division IV, Subdivision B (§ 17, p. 29).
Subsequent to the decision of the Supreme Court and the St. Pierre decision, supra, our Court was again presented with the same legal issue in Nat Harrison Associates, Inc. v. Florida Power & L. Co., Fla.App. 1964, 162 So.2d 298. We there stated the rule that in order for an indemnification contract to be construed as relieving a party of its own negligence, the provisions for such relief must be clear and unequivocal. In the case of Florida Power & Light Company v. Elmore, Fla.App. 1966, 189 So.2d 522, we were presented with another instance of this type of indemnity coverage. The relevant portion of the contract interpreted in that case reads as follows:
"Contractor, [Sunshine Contractors, Incorporated] upon acceptance of this purchase order, agrees to hold the Company free and unharmed against any liabilities whatsoever resulting in connection with performance of the described work by Contractor or its employees."
The rule was restated that the language in an indemnity contract must be clear and unequivocal to indemnify against the negligence of the indemnitee. It was held that the intent to indemnify the indemnitee against his own negligence will not be inferred from general language, and that such contracts are to be strictly construed.
The rule discussed above was recently followed by the District Court of Appeal, Second District, in Gulf Oil Corporation v. Atlantic Coast Line R. Co., Fla.App. 1967, 196 So.2d 456. In that case the rule is stated as follows:
"Thus it would appear that the majority rule is the better, and that in order for one to indemnify against indemnitee's own negligence general language will not suffice. The term clear and unequivocal goes to the specific indemnification; that is, the language `any liabilities whatsoever' as used in the Elmore case, supra, as well as `shall and will at all times indemnify and save harmless * * * and will pay and discharge all loss,' the language used in the instant case, is not the clear and unequivocal language sought, but rather there must be language specifically designating indemnification against one's own negligence."
It is apparent that Florida follows the rule that the language in an indemnification clause, which attempts to indemnify the indemnitee against the loss from his own negligence, must be expressed in clear and unequivocal terms and show an intent to exclude such liability. The conclusions which the majority inferred from St. Pierre v. Food Fair Stores, Fla.App. 1961, 135 So.2d 9, appears to me to have been expressly negated by subsequent decisions. Therefore, I would affirm the trial court's order dismissing the complaint.