PER CURIAM.
The negligence of Florida East Coast Railway Company for failure to provide Thomas G. Lawrence a safe place to work under the Federal Employers Liability Act was established by an adverse jury verdict and final judgment for $20,000. The trial court then rendered a summary final judgment for the F.E.C. on its third party complaint against Bankhead Welding Service, Inc., for the $20,000 pursuant to the indemnification agreement below. Bankhead has appealed from that summary final j udgment.
Bankhead, the contractor, and F.E.C., the railway, had executed a contractual agreement which contained the following indemnity proviso:
“The Contractor covenants to indemnify and save harmless the Railway from and against all losses and all claims, demands, payments, suits, actions, recoveries and judgments of every nature and description suffered or sustained by the Railway, or brought against the Railway, or by any one or more of same, by reason of any act or omission of the said Contractor, the Contractor’s agents or employees in any manner relating to the execution of the work or in guarding the same. * * * ” (Emphasis added.)
The point on appeal as framed by appellant is:
“WHETHER THE COURT ERRED IN DETERMINING THAT THE INDEMNITY AGREEMENT BETWEEN THE FEC AND BANKHEAD REQUIRED BANKHEAD TO HOLD THE FEC HARMLESS FROM THE FEC’S OWN ACTS OF NEGLIGENCE WHEN THERE WAS NO EXPRESS AGREEMENT IN SAID CONTRACT *649 BY BANKHEAD TO SO INDEMNIFY THE FEC.”
Bankhead relies on Gulf Oil Corporation v. Atlantic Coast Line R. Co., Fla.App.1967, 196 So.2d 456; cert. denied Fla.1967, 201 So.2d 893; Florida Power & Light Co. v. Elmore, Fla.App.1966, 189 So.2d 522; Nat Harrison Associates, Inc. v. Florida Power & Light Co., Fla.App.1964, 162 So.2d 298; 41 Am.Jur.2d Indemnity § 16; and 27 Am.Jur. Indemnity § 15 for reversal.
The railway relies, for affirmance, on several cases but primarily on Thomas Awning & Tent Co. v. Toby’s Twelfth Cafeteria, Inc., Fla.App.1967, 204 So.2d 756 as the latest pronouncement in Florida on this question.
Time and case load does not permit us to attempt to distinguish the various factual and legal differences in the several Florida decisions cited in support of, and in opposition to, this question.
We note the specific language used in this indemnity agreement contains a broad “indemnification and save harmless” clause followed by a limitation agreement that the matters suffered or sustained by the railway must be by reason of any act or omission of Bankhead, its agents or employees in any manner relating to the execution of the work, etc.
It is established here that the railway suffered a final money judgment by reason of its own negligence toward an employee and that it sought recovery against Bank-head under the indemnification proviso of the contract.
We find no clear and unequivocal language in this indemnity agreement which requires Bankhead to indemnify the F.E.C. against its own negligence. It provided that Bankhead would only indemnify the railroad for those matters specifically set forth in the limiting clause quoted above. See Jackson v. Florida Weathermakers, Fla.1952, 55 So.2d 575.
The summary final judgment for the F.E. C. is, therefore, reversed and the cause remanded with instructions to enter a final judgment for the appellant, Bankhead Welding Service, Inc.
Reversed and remanded.