340 So.2d 1175 (1976)
INSURANCE COMPANY OF NORTH AMERICA and Ford Motor Company, a Foreign Corporation, Appellants,
v.
Gena M. KING et al., Appellees.
FORT LAUDERDALE LINCOLN-MERCURY, INC., and Universal Underwriters Insurance Company, Appellants,
v.
Gena M. KING et al., Appellees.
FORT LAUDERDALE LINCOLN-MERCURY, INC., and Universal Underwriters Insurance Company, Appellants,
v.
Gena M. KING et al., Appellees.
Nos. 75-1393, 75-1444 and 75-2076.
District Court of Appeal of Florida, Fourth District.
November 5, 1976.
W.M. O'Bryan and Frank E. Maloney, Jr., Fleming, O'Bryan & Fleming, Ft. Lauderdale, and Edward T. O'Donell, Newark, N.J., for Ford Motor Co. and Ins. Co. of North America.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for Fort Lauderdale Lincoln-Mercury, Inc. and Universal Underwriters.
Robert Orseck, Podhurst, Orseck & Parks, and Preddy, Haddad, Kutner, Hardy & Josephs, *1176 Miami, for appellees Gena M. King and Theodore King.
ALDERMAN, Judge.
In this case two appeals from final judgment and one interlocutory appeal, arising out of the same incident, have been consolidated.
The plenary appeals, 75-1393 and 75-1444, are from final judgments against Ford Motor Company and Fort Lauderdale Lincoln-Mercury, Inc., and their respective insurance carriers. We have considered the various points raised by these appeals and find no reversible error. In our opinion there was substantial competent evidence to support the judgments. The other points raised by appellants have been found to be without merit.
We next consider the issue raised by the interlocutory appeal, Case No. 75-2076. Fort Lauderdale Lincoln-Mercury, Inc. filed a cross-claim for indemnification. After entry of judgment in the main suit, pursuant to stipulation, judgment was also entered against Ford Motor Company in favor of Fort Lauderdale Lincoln-Mercury, Inc. for $250,000, the amount of the plaintiffs' judgments. However the trial court denied the request of Fort Lauderdale Lincoln-Mercury, Inc. for indemnification of its court costs and attorney's fees.
It has been established in Florida that generally an indemnitee is entitled to recover, as part of his damages, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which he is compelled to pay as the result of suits by or against him in reference to the matter against which he is indemnified. Fontainebleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla. 3d DCA 1962). However, in the present case Ford Motor Company contends that it would be improper to allow the attorney's fees and costs which Fort Lauderdale Lincoln-Mercury, Inc. seeks because the plaintiffs alternatively alleged active negligence against Fort Lauderdale Lincoln-Mercury. Assuming that the initial complaint against Fort Lauderdale Lincoln-Mercury, Inc. was sufficient to allege a cause of action for active negligence, the record is clear that during the trial plaintiffs abandoned any claim that Fort Lauderdale Lincoln-Mercury, Inc. was actively negligent. The judgments against Fort Lauderdale Lincoln-Mercury, Inc. could only have been entered upon the basis of its passive negligence.
Ford Motor Company relies on the case of Florida Power & Light Co. v. Nat Harrison Associates, Inc., 223 So.2d 336 (Fla. 3d DCA 1969), to support its contention that an allegation of active negligence is sufficient to bar recovery of expenses incurred by an indemnitee in defending against the claim for which he seeks indemnification. Ford's reliance on Florida Power & Light Co. v. Nat Harrison Associates, Inc. is misplaced. The case does not stand for the rule of law for which it is cited.
Although we have found no Florida case precisely on this point, we believe that previously established legal principles make clear the proper rule in cases such as this. Fontainebleau Hotel Corp. v. Postol, supra; Olin's Rent-A-Car Systems, Inc. v. Royal Continental Hotels, Inc., 187 So.2d 349 (Fla. 4th DCA 1966); Thomas Awning and Tent Co. v. Toby's Twelfth Cafeteria, Inc., 204 So.2d 756 (Fla. 3d DCA 1967); Morse Auto Rental, Inc. v. Dunes Enterprises, Inc., 198 So.2d 652 (Fla. 3d DCA 1967); Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA 1969). We conclude that it is an indemnitee's actual wrongdoing or lack of it, rather than allegations of wrongdoing, which determine the indemnitee's rights. A plaintiff should not be able to arbitrarily deprive a defendant of his right to indemnification from a third party by alleging that he was actively negligent when in fact that defendant is found not to have been actively negligent.
In the present case there was no evidence to establish that Fort Lauderdale Lincoln-Mercury, Inc. was actively negligent. The plaintiffs abandoned any claim against Fort Lauderdale Lincoln-Mercury, Inc. based upon active negligence. The judgments that were entered against Fort *1177 Lauderdale Lincoln-Mercury, Inc., were, in fact, based upon its passive negligence. Its right to be indemnified by Ford Motor Company against plaintiffs' judgment is not questioned. In these circumstances, we hold that Fort Lauderdale Lincoln-Mercury, Inc., as indemnitee, is entitled to recover from Ford Motor Company, as part of its damages, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which it was compelled to pay as the result of defending against the judgments for which it is being indemnified.
AFFIRMED as to Case Nos. 75-1393 and 75-1444. REVERSED as to Case No. 75-2076, and REMANDED for further proceedings consistent with this opinion.
DOWNEY, J., and DANAHY, PAUL W., Jr., Associate Judge, concur.