366 So.2d 1273 (1979)
Lawrence F. BROWN and Delores M. Brown, Petitioners,
v.
FINANCIAL INDEMNITY COMPANY, Respondent.
No. 78-2179.
District Court of Appeal of Florida, Fourth District.
February 7, 1979.
Samuel T. Stevenson of Law Offices of George Ritchie, Cocoa, for petitioners.
R. Lee Bennett of Lowndes, Drosdick & Doster, Orlando, for respondent.
DOWNEY, Chief Judge.
Petitioners seek certiorari review of an order of the Circuit Court reversing an order of the County Court.
Respondent sued petitioners in the County Court of Brevard County to recover on an indemnification agreement. The County Court granted a judgment on the pleadings in favor of petitioners. On appeal before a two judge Circuit Court panel the order under review was reversed and, in addition, the appellants/respondents were granted attorney's fees for the appeal if respondent prevailed on the merits in the trial court. It is the latter aspect of the Circuit Court order which petitioners claim is a departure from the essential requirements of law.
Petitioners contend that the contract of indemnity relied upon by the respondents does not specifically provide for attorney's fees on appeal. Therefore, since the contract in question predates Section 59.46, Florida Statutes (1977),[1] no allowance can be made for appellate attorney's fees incurred by the indemnitee. Petitioners rely upon Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 (Fla. 1974), and Goodfriend v. Druck, 309 So.2d 236 (Fla. 4th DCA 1975), as well as Lake Killarney Apartments, Inc. v. Estate of Thompson, 283 So.2d 102 (Fla. 1973), and Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975).
Respondent, on the other hand, contends that those cases are not applicable here because they were involved with either a statute, or a promissory note providing for attorney's fees, none of which specifically provided for attorney's fees on appeal. But in this case we are dealing with an agreement of indemnity, and the recovery of an attorney's fee is generally considered as part of the damages covered by a contract of this nature. In Thomas Awning & Tent Co., Inc. v. Toby's Twelfth Cafeteria, Inc., 204 So.2d 756 (Fla. 3rd DCA 1967), the court held attorney's fees in both the trial court and on appeal were recoverable.
*1274 Although the court did not specify attorney's fees on appeal in Fontainbleau Hotel Corporation v. Postol, 142 So.2d 299 (Fla. 3rd DCA 1962), the language used is consistent with the holding in the Thomas Awning case. As the court in both Fontainbleau and Thomas Awning pointed out:
"`As a general rule an indemnitee is entitled to recover, as a part of the damages, reasonable attorney's fees, and reasonable and proper legal costs and expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified * * *.'" 142 So.2d at 300; 204 So.2d at 757.
We perceive the distinction between these cases and those relied upon by petitioners to be that when suing on an indemnity contract all attorney's fees incurred are a part of the indemnitee's damages.
Accordingly, we find no departure from the essential requirements of law and the petition for writ of certiorari is denied.
CROSS and LETTS, JJ., concur.
NOTES
[1] Section 59.46, Florida Statutes (1977), provides that a statute or contract providing for payment of attorney's fees shall be construed to include appellate attorney's fees.