368 So.2d 416 (1979)
AMERICAN HOME ASSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
CITY OF OPA LOCKA, Florida, a Political Subdivision of the State of Florida and the Travelers Insurance Company, a Foreign Corporation, Appellees.
Nos. 77-2648, 78-84.
District Court of Appeal of Florida, Third District.
March 6, 1979.
*417 Fowler, White, Burnett, Hurley, Banick & Knight and Fred R. Ober, Miami, for appellant.
High, Stack, Lazenby & Bender and Alan R. Dakan, Miami, for appellees.
Before HENDRY and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
American Home Assurance Company, the defendant below, appeals from a judgment against it in an indemnification action brought by the plaintiffs-appellees, Travelers Insurance Company and the City of Opa Locka. We affirm the judgment except for the attorney's fees awarded below to the plaintiffs for their prosecution of the present proceeding.
*418 An Opa Locka police officer, Kenneth LeMuer, the City of Opa Locka itself, and the Travelers Insurance Company were named as party defendants in a wrongful death action arising out of an incident in which the officer shot and killed a man named Daniel Little. The city was insured by a general liability policy issued by Travelers; the policy did not insure the individual officer. LeMuer was, however, specifically afforded coverage as an additional insured in an American Home Insurance Company "police professional coverage" policy as to which Opa Locka was the named insured. Notwithstanding the fact that its policy did not cover the officer, Travelers filed an answer on his behalf as well as for its insured, Opa Locka, and, of course, itself. Through its counsel, it continued to represent all three parties throughout the entire progress of the wrongful death case. Travelers defended LeMuer, however, only under a specific reservation agreement which preserved its right to deny coverage  a right which clearly existed since there was no question that Travelers did not insure the officer and owed him no duties either of defense or of payment.
In the meantime, American Home, which had investigated the incident immediately after it occurred and was at all times informed as to the progress of the wrongful death case, did nothing whatsoever with respect to its self-acknowledged duty to defend its insureds, LeMuer and Opa Locka. Although Travelers, at several stages, informed American Home's counsel that it regarded American Home as the insurer primarily liable and although it first invited and then demanded that American Home at least participate in the defense, American Home declined to appear directly in the case in any way. It did so apparently on the grounds that it had never been formally tendered suit papers and that Travelers' counsel was doing an effective job anyway. A fair reading of the correspondence which flew between counsel and the companies leads one to the conclusion that American Home made a conscious decision "not to get involved," to take its chances, and to hope for the best.
At the conclusion of the jury trial in the Little case, the plaintiff recovered a general jury verdict and judgment against all three defendants for $13,600.00.[1] After Travelers had, without success, called upon American Home to satisfy the judgment, it did so itself, presumably on behalf of its insured Opa Locka. Travelers, joined by Opa Locka as an essentially formal party plaintiff, then brought the case now before us against American Home. In this action Travelers sought reimbursement of the entire amount of the plaintiff's judgment, plus all the expenses, including attorney's fees of $6,998.00 and costs in the amount of $1,965.72, it had paid in defending the wrongful death case on behalf of the three named defendants. After a non-jury trial, the lower court entered judgment for the plaintiffs and against American Home for the entire amount claimed, $22,563.72. An additional award of $3,375.00 was later granted to the plaintiffs for their attorney's fees in the successful prosecution of the action against American Home. We find no merit in any of the arguments made by American Home for reversal of the primary judgment, but agree with its claim that the award of attorney's fees in this action was incorrect.
On the facts presented in the wrongful death case, it is apparent that that action and the resulting judgment for the plaintiff were based on the negligence or intentional tort of LeMuer, as the active tortfeasor, and that Opa Locka was merely vicariously liable as his employer. Since this is true, it is clear that Opa Locka had a right to indemnification, implied by operation of law, for the wrongful death judgment and expenses from LeMuer, and therefore from his carrier, American Home. Stuart v. Hertz Corp., 351 So.2d 703, 705 (Fla. 1977); Fincher Motor Sales, Inc. v. Lakin, 156 So.2d 672 (Fla. 3d DCA 1963); *419 Hutchins v. Frank E. Campbell, Inc., 123 So.2d 273 (Fla. 2d DCA 1960). Travelers, as an insurer of Opa Locka which actually expended the sums involved and thus as the city's subrogee, was likewise entitled to recovery. A. United Auto Rental, Inc. v. Bradley, 352 So.2d 579 (Fla. 3d DCA 1977); Grange Ins. Ass'n. v. Great American Ins. Co., 89 Wash.2d 710, 575 P.2d 235, 239-240 (1978); cf. Atlantic National Ins. Co. v. Erie Ins. Exchange, 211 F. Supp. 878 (S.D.Fla. 1962); Annot. 31 A.L.R.2d 1324 (1953).
American Home argues that the indemnity claim does not lie because the plaintiff's original complaint alleged that Opa Locka was guilty of active misconduct, among other things, in negligently hiring LeMuer.[2] However, as the court held in Insurance Co. of North America v. King, 340 So.2d 1175, 1176 (Fla. 4th DCA 1976):
"We conclude that it is an indemnitee's actual wrongdoing or lack of it, rather than allegations of wrongdoing, which determine the indemnitee's rights. A plaintiff should not be able to arbitrarily deprive a defendant of his right to indemnification from a third party by alleging that he was actively negligent when in fact that defendant is found not to have been actively negligent."
On this record, we cannot interfere with the trial court's implied finding that the judgment against Opa Locka was based only upon its passive, vicarious responsibility for LeMuer's actions, notwithstanding what was alleged in the plaintiff's complaint. See MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973). The King case therefore requires rejection of the appellant's contention on this issue.
American Home separately contends that it should not be required to reimburse Travelers for that portion of the fees and expenses which was attributable to the defense of Opa Locka. It argues that Travelers was obliged to expend those funds in any case by virtue of the obligation to defend contained in its own insurance policy with the city.[3] Again, we do not agree. Since, as we have seen, the suit which Opa Locka and Travelers were obliged to defend was found to have resulted only from LeMuer's active wrongdoing, there can be no doubt that he, and his insurer American Home, are liable for the expenses necessarily expended in that defense. Insurance Co. of North America v. King, supra; Canadian Universal Ins. Co. v. Employers Surplus Lines Ins. Co., 325 So.2d 29 (Fla. 3d DCA 1976), cert. denied, 336 So.2d 1180 (Fla. 1976); Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA 1969); cert. denied, 234 So.2d 122 (Fla. 1969); Morse Auto Rentals, Inc. v. Dunes Enterprises, Inc., 198 So.2d 652 (Fla. 3d DCA 1967). Expenses incurred by a secondarily liable carrier in the defense of its insured, have been universally awarded when that company sues a primary insurer of the same insured, which should have undertaken that defense. E.g., National Farmers Union Property & Casualty Co. v. Farmers Ins. Group, 14 Utah 2d 89, 377 P.2d 786 (1963); Standard Surety & Casualty Co. of New York v. Metropolitan Casualty Co. of New York, 67 N.E.2d 634 (Ohio App. 1945). These cases apply with even greater force to this situation, in which only American Home, and not Travelers as well, insured the common law indemnitor, LeMuer.[4]
Nothing daunted, American Home then argues that at least it should not repay Travelers for the costs of defending LeMuer[5] whom Travelers did not insure and whom it therefore had no duty to defend. Once more, the appellant's arrow falls far short of the mark. It is admitted that by providing the officer with a defense, Travelers was performing an obligation which *420 was properly owed LeMuer only by American Home. See, e.g., Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1975); 18A, Fla. Jur., Insurance, § 812, pp. 64-67, and cases cited. The record shows that American Home deliberately declined to undertake the discharge of its duty to defend after being given ample notice and opportunity to do so, and that Travelers acted as more than a mere "volunteer" in providing counsel for an otherwise unrepresented defendant for whose conduct its insured, the city, was liable. Under these circumstances, we hold that Travelers became subrogated to the officer's right to recover from American Home the fees and costs due him because of its wrongful refusal to defend. As we said in Allstate Life Ins. Co. v. Weldon, 213 So.2d 15, 18 (Fla. 3d DCA 1968), quoting from Ulery v. Asphalt Paving, Inc., 119 So.2d 432 (Fla. 1st DCA 1960):
"Subrogation, a creation of equity, is founded on the proposition of doing justice without regard to form, and was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another. Trueman Fertilizer Co. v. Allison, Fla., 81 So.2d 734. The right of subrogation has been sustained in almost every conceivable type of transaction where the party invoking it has been required to pay a debt for which another is primarily answerable, and which in equity and good conscience the other ought to pay. * * *."
Accord, e.g., American Fidelity & Cas. Co. v. United States Fidelity & Guaranty Co., 305 F.2d 633, 634-635 (5th Cir.1962); see Western Pacific Ins. Co. v. Farmers Ins. Exchange, 69 Wash.2d 11, 416 P.2d 468, 472 (1966) ("Farmers could not, ... stand aloof from the pending lawsuit . . and thus escape responsibility for the expenses of the defense of Formanek when liability ultimately came home to roost."); Nationwide Mutual Ins. Co. v. General Accident Fire & Life Assurance Corp., 23 Ohio App.2d 263, 262 N.E.2d 885 (1970).
We hold, finally, that the trial court's award of attorney's fees for the maintenance of the present action was unauthorized. The asserted basis for the award, Section 627.428(1), Florida Statutes (1975), does not apply. It provides for an allowance of fees when a judgment is rendered "... in favor of an insured ..." against an insurance company in an action brought "... under a policy or contract executed by the insurer ..." [emphasis supplied]. What we have already said, however, shows that this case was not brought "under" American Home's policy with Opa Locka, but was rather based upon the city's and Travelers' indemnity and subrogated rights against American, as the insurer for LeMeur. The plaintiffs' fees are therefore not recoverable under Section 627.428(1). Arkwright-Boston Mfrs. Mut. Ins. Co. v. Dunkel, 363 So.2d 190, 194 (Fla. 3d DCA 1978); see Smith v. Conlon, 355 So.2d 859 (Fla. 3d DCA 1978); Central Mutual Ins. Co. v. Michigan Mutual Liability Co., 285 So.2d 684 (Fla. 3d DCA 1973).
Furthermore, although Opa Locka was a nominal party plaintiff, the judgment in this case clearly inured entirely to the benefit of Travelers which was not entitled to fees under the holding in Roberts v. Carter, 350 So.2d 78, 79 (Fla. 1977):
"... that an award of attorney's fees under Section 627.428(1) is available only to the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured."[6]
Central Mutual Ins. Co. v. Michigan Mutual Liability Co., supra.[7]
*421 That portion of the judgment below which awarded the plaintiffs $3,375.00 in attorney's fees for the instant action is reversed; the judgment under review is otherwise entirely affirmed.
Affirmed in part, reversed in part.
NOTES
[1] The record shows that American Home's counsel was well satisfied with the result and complimented Travelers' lawyer for his fine job.
[2] Since only American Home insured the active tortfeasor, it is not necessary to resolve the knotty problem as to which company, if either, was the "primary" carrier with respect to their common insured, Opa Locka.
[3] The appellant does not suggest how the fees and expenses could be meaningfully apportioned among the various defendants.
[4] See n. 2, supra.
[5] See n. 3, supra.
[6] Travelers did not secure an assignment from the city or LeMeur of any rights either may have had against American Home.
[7] With respect, we disagree with the holding in Brown v. Financial Indemnity Co., 366 So.2d 1273 (Fla. 4th DCA 1979) that a successful indemnitee may recover attorney's fees for the prosecution of the indemnification case itself, even without a contractual or statutory basis for such an allowance. The Brown opinion cites only our decisions in Fontainebleau Hotel Corp. v. Postol, 142 So.2d 299 (Fla. 3d DCA 1962), and Thomas Awning & Tent Co., Inc. v. Toby's Twelfth Cafeteria, Inc., 204 So.2d 756 (Fla. 3d DCA 1967). The holding in the Postol case, which was quoted and followed in the Thomas Awning case, deals, however, only with the recovery, as part of the indemnitee's damages, of attorney's fees required in the original suit for which the right of indemnity lies  just as we have held the wrongful death case fees recoverable from Travelers in this case. The Thomas Awning case merely held that a complaint, which in part sought recovery of those fees, stated a cause of action. If what was plainly dictum in Thomas Awning may be read to go further, we recede from that language. For we know of no basis, in the absence of statute or agreement, for an award of attorney's fees for either the trial or appellate prosecution of an action for indemnity, any more than any other. E.g., Adler v. Adler, 365 So.2d 411 (Fla. 3d DCA 1978).