401 So.2d 855 (1981)
AMERICAN AND FOREIGN INSURANCE COMPANY, Appellant,
v.
AVIS RENT-A-CAR SYSTEM, INC., Appellee.
No. XX-143.
District Court of Appeal of Florida, First District.
July 9, 1981.
*856 Charles Cook Howell, III, Jacksonville, for appellant.
John C. Taylor, Jr., Jacksonville, for appellee.

ON MOTION FOR REHEARING
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Having considered the appellant's motion for rehearing we grant the motion in part and withdraw the decision and opinion filed May 5, 1981, substituting the following decision and opinion in lieu thereof.
This appeal is a sequel to American and Foreign Insurance Company v. Avis Rent-A-Car System, Inc., 367 So.2d 1060 (Fla. 1st DCA 1979), cert. denied, 379 So.2d 202 (Fla. 1979).
Upon the going down of the mandate in that case, the trial court, pursuant to mandate, entered a final judgment awarding to American and Foreign Insurance Company ("American") judgment against Avis for the principal sum of $100,000.00, together with costs, but denying to American any award for attorney's fees. The issues on this appeal relate to American's claim for attorney's fees in connection with (1) its defense of its insured in the underlying tort action, and (2) its successful prosecution of an indemnification action against Avis.
A brief history of the case will be helpful. American's insured, Hulsey, was a permissive user of an Avis automobile under a rental contract in which Avis promised insurance coverage in accordance with the standard provisions of an automobile liability insurance policy, with limits of $100,000.00 as to each person. Hulsey negligently operated the Avis vehicle, causing injury to a fellow employee at a time when Hulsey and the fellow employee were engaged in the course of their employment for their common employer. The fellow employee's *857 suit against Hulsey (the "underlying suit") was defended by American (and, initially, by Avis which subsequently withdrew). The resulting judgment against Hulsey for $233,000.00, plus costs, was paid by American.
American then brought a separate action against Avis for indemnification (to the extent of $100,000.00) plus costs and attorney's fees. At trial, Avis successfully defended that action on the basis of the "cross-employee" exception[1] allegedly contained in the liability insurance policy promised under the rental contract. On appeal, this Court reversed,[2] holding that Avis had failed to prove that the liability insurance coverage promised by the rental agreement contained such an exclusion. After this Court's mandate went down, the trial court entered judgment in favor of American and against Avis in the principal sum of $100,000.00 plus costs, but denied American an award of attorney's fees.
American claims that is is entitled to attorney's fees incurred by it in defending the underlying lawsuit because such expenses are a proper element of damages in an indemnification action. As a general rule, an indemnitee is entitled to recover, as part of his damages, reasonable attorney's fees and reasonable and proper legal costs and expenses, which he is compelled to pay as a result of suits by or against him in reference to the matter against which he is indemnified. Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978); Borg-Warner Acceptance Corp. v. Philco Fin., 356 So.2d 830 (Fla. 1st DCA 1978); Insurance Company of North America v. King, 340 So.2d 1175 (Fla. 4th DCA 1976); Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla.2d DCA 1969); Fountainebleau Hotel Corp. v. Postal, 142 So.2d 299 (Fla.3d DCA 1962). There is no reason that American, having already been determined by this Court to be entitled to indemnity, should fall outside of this general rule.
The fact that American, by its policy of insurance, had a duty to defend its insured does not deprive it of its right to be indemnified for the cost of that defense. American's policy contained a clause making it excess over any other valid and collectible insurance.[3] Irrespective of whether the insurance promised by Avis constituted it a self-insurer[4] or whether the insurance was in fact furnished under a standard automobile liability policy (the terms and provisions of which were not established in the record),[5] the corresponding duty to defend, like the coverage, would be primary. See Cunningham v. Austin Ford, Inc., 189 So.2d 661 (Fla.3d DCA 1966), cert. dism., 198 So.2d 829. As stated by the Court in American Home Assurance Company v. City of Opa Locka, 368 So.2d 416 (Fla.3d DCA 1979), at page 419:
"Expenses incurred by a secondarily liable carrier in the defense of its insured, have been universally awarded when that company sues a primary insurer of the same insured, which should have undertaken that defense. [Citations omitted]"
*858 Argonaut Ins. Co. v. Maryland Cas. Co., 372 So.2d 960 (Fla.3d DCA 1979), in which the court denied to one insurer contribution from another insurer for the costs incurred by the first in defending their mutual insured is inapposite because in that case both insurance policies contained a "pro-rata other insurance" clause, and therefore that case did not involve the "primary-excess" dichotomy as here.
Appellant next contends that it was entitled to attorney's fees for successful prosecution of the indemnification action against Avis. Appellant bases this claim upon Section 627.428(1), Florida Statutes (1977), which provides for attorney's fees when a judgment is rendered against an insurer "... in favor of an insured or the named beneficiary under a policy or contract executed by the insurer ...", contending that Avis as a self-insurer became liable for statutory attorney's fees just as an insurance company would.[6] The class of persons referred to by the statute  an insured or the named beneficiary  has been defined in Roberts v. Carter, 350 So.2d 78 (Fla. 1977), as being limited to the contracting insured,[7] the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured. American did not fit within any of these categories.
In American Home Assurance Company v. City of Opa Locka, supra, the court reversed that part of the trial court's judgment which had awarded attorney's fees for successful prosecution of the indemnification action. In its opinion the court noted, at footnote 7, its disagreement with the case of Brown v. Financial Indemnity Company, 366 So.2d 1273 (Fla. 4th DCA 1979), which held that a successful indemnitee could recover attorney's fees for the prosecution of the indemnification case itself. The general rule appears to be that attorney's fees incurred in defense of a claim indemnified against are part of the damages and allowable, but attorney's fees incurred in establishing the right to indemnification are not allowed. See Jones v. Strom Const. Co., Inc., 84 Wash.2d 518, 527 P.2d 1115 (1974); 41 Am.Jur.2d, Indemnification, § 36 (Sup. 1974); 42 C.J.S., Indemnity, § 13d (1944). It has long been the law of Florida for which case authority is legion that attorney's fees incurred by a party may be awarded against the opposing party only when authorized by statue or by contract.[8] We adhere to that view.
Summarizing, we hold that it was error to deny American an award of reasonable attorney's fees incurred by it in defending the underlying lawsuit as to which it was entitled to be indemnified, but that the trial court correctly denied to American its claim for attorney's fees in the successful prosecution of the indemnification action against Avis.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.
NOTES
[1] This provision generally appears in the standard automobile liability insurance policy as an exception to the policy definition of the unqualified word "insured". While frequently called an exclusion (since it has that effect), it is also sometimes called the "cross-employee exception", see General Insurance Company of America v. Reid, 216 So.2d 41 (Fla. 4th DCA 1968), to avoid confusing it with the "employee exclusion", a separate and distinct provision. See McRae v. Snelling, 303 So.2d 670 (Fla. 4th DCA 1974).
[2] 367 So.2d 1020 (Fla. 1st DCA 1979).
[3] The named insured, Hulsey, was operating a non-owned vehicle at the time of the accident.
[4] Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla.3d DCA 1977).
[5] The absence of proof as to the terms and provisions of the liability insurance coverage promised by Avis enabled appellant to avoid the effect of the cross-employee exception which Avis had asserted as an affirmative defense; gleefully, Avis now points out that absent proof of the terms and provisions of the liability insurance coverage promised by Avis, there is no proof that Avis had a duty to defend Hulsey, a separate and distinct duty from the duty to pay.
[6] See n. 4, supra.
[7] While the court did not define "contracting insured", the clear, unambiguous language of the statute speaks of "an insured." It seems obvious that the court intended that a "contracting insured" is "an insured" as defined in the particular contract of insurance.
[8] 12 Fla.Jur.2d Costs, § 31.