SCHWARTZ, Judge
(dissenting).
Since, contrary to the evident conclusion of the majority, I do not believe that, fairly read, the indemnity agreement sued upon provides for the recovery of attorney’s fees for the maintenance of the indemnity action itself,[1]1 would reverse the order below, which allowed those fees, on the authority of American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979).

. The appellant agreed to
indemnify and hold [PINA] harmless from any and all manner of claims, demands, judgments, actions, liabilities, responsibilities and obligations of every nature and wherever situate, direct or indirect, by way of guarantee or joint contribution as a joint debtor, matured or unmatured, liquidated or unliquidat-ed, including but not limited to litigation costs and attorney’s fees, which [PINA] now [has], ever had, or may hereafter have, to any person, partnership, corporation, estate, trust or any other entity arising directly or indirectly out of or in connection with [PINA’S] business dealings with any one or more of the undersigned parties, as shareholder, agent, representative, officer, director, or in any other capacity.. . .