468 So.2d 545 (1985)
UNITED STATES AUTOMOBILE ASSOCIATION, Appellant,
v.
The HARTFORD INSURANCE COMPANY, Appellee.
No. 84-288.
District Court of Appeal of Florida, Fifth District.
May 16, 1985.
*546 Elizabeth C. Wheeler of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellant.
Ashby L. Camp of Cooper, Rissman & Weisberg, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
United States Automobile Association (USAA) appeals from a final judgment determining liability coverage arising out of a personal injury action brought by Regina and James Apicella.
This case arose from a boating accident in which Regina Apicella was seriously injured. Reilous Franklin, the owner of the boat, had entrusted it to his son Brian. At the time of the accident, the boat was being operated by Joe Amato. The Apicellas filed suit against Reilous Franklin, USAA which insured the boat, Joe Amato, and Amato's homeowner's insurance carrier, the Hartford Insurance Company. The Apicellas eventually settled with Amato and Hartford. The case then proceeded to trial to determine, among other things, the two insurance companies' competing claims for coverage.
The USAA policy contained the following provisions:
We will pay the damages for which you or any other covered person are legally liable because of bodily injury or property damage arising out of the boat.
"Covered person" was defined as:
`Covered person' means more than just you and your spouse. It also includes:
 Your relatives if residents of your household.
 Other residents of your household under 21 years old and in the care of any person described above.
 Any other person or organization legally responsible for the use of the boat, except:

[*] Someone who has the boat without your permission. (emphasis added)
The trial court determined that USAA provided primary coverage and that Hartford's coverage was secondary or excess. *547 The court also determined that USAA was liable to Hartford for the entire amount of the settlement paid to the Apicellas.
On appeal, USAA has raised several points which merit discussion. First, USAA contends that Hartford should provide primary coverage because its insured, Joe Amato, was the active tortfeasor while USAA's insured, Reilous Franklin, was only vicariously liable as the boat owner. USAA's argument would have merit if its liability were based solely on Reilous Franklin's ownership of the boat. However, the jury found that Brian Franklin, a covered person under the USAA policy, negligently entrusted the boat to Amato. In addition, Amato was a "covered person" under the policy by virtue of the jury determination that he had Brian's implied consent to operate the boat. Thus, USAA provided coverage not only for Reilous Franklin, but also for Brian Franklin's negligence as well as the negligence of Amato, the operator of the boat.
In Demshar v. AAA Con Auto Transport, Inc., 337 So.2d 963 (Fla. 1976), the Florida Supreme Court held that where two separate insurance policies cover a particular loss and each contains `other insurance' clauses which purport to restrict or limit liability, if one of the policies contains a `pro rata' clause and the other contains an `excess insurance' clause, effect is given to the latter clause. Here the policies issued by Hartford and USAA both provide liability coverage to Amato[1] and the excess insurance provision in the Hartford policy is to be given effect.
Second, USAA contends that Hartford forfeited its claim against USAA by settling the plaintiffs' claim against Amato. Under USAA's policy, Amato was a "covered person" and thus was entitled to have USAA pay for any damages resulting from his operation of the boat. Hartford, however, was the one which satisfied this liability and as a result, it is subrogated to Amato's cause of action against USAA.
Third, USAA claims that Hartford has waived any right to recover the amount of the settlement from USAA. We find that under the settlement agreement with the Apicellas, Hartford reserved its right to deny liability and to seek reimbursement from USAA and that Hartford was not a mere volunteer in satisfying Amato's liability. Accordingly, the principles of subrogation apply. See State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co., 78 N.M. 359, 431 P.2d 737 (1967).
Fourth, USAA argues that it should have been permitted to contest the amount of the settlement paid by Hartford. The general rule is that if an insurance company refuses to assume its contractual obligation and defend its insured, then it cannot challenge the reasonableness of a settlement made with the injured party. Florida Farm Bur. Mut. Ins. Co. v. Rice, 393 So.2d 552 (Fla. 1st DCA 1980); Atlantic Coast Dev. v. Napoleon Steel, 385 So.2d 676 (Fla. 3d DCA 1980). However, an insurer can challenge a settlement if the parties settled in bad faith, fraudulently, collusively or without any effort to minimize the insured's liability. Here, USAA has not claimed fraud or bad faith dealing by Hartford, but only that the settlement was unreasonable in light of the subsequent jury verdict.[2] Since this simply appears to have been a mistaken assessment of the situation by Hartford, USAA will not be permitted to challenge the settlement between Hartford and the Apicellas.
*548 Finally, USAA contends that Hartford was not entitled to receive attorney's fees for defending Amato against the Apicellas' claim. The general rule is that attorney's fees incurred in the defense of a claim indemnified against are part of the damages and allowable, but attorney's fees incurred in establishing the right to indemnification are not allowable. Lumbermens Mut. Cas. Co. v. Foremost Ins. Co., 425 So.2d 1158 (Fla. 3d DCA 1983); American & Foreign Ins. v. Avis Rent-A-Car, 401 So.2d 855 (Fla. 1st DCA 1981); General Acc. Fire & Life v. American Cas. Co., 390 So.2d 761 (Fla. 3d DCA 1980); American Home Assur. Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979). The fact that a carrier which is secondarily liable also had a duty to defend the insured does not deprive the carrier of its right to be indemnified for the cost of defending the insured. American & Foreign Ins. v. Avis Rent-A-Car; American Home Assur. Co. v. City of Opa Locka. Here, USAA was primarily liable and Hartford secondarily liable. Accordingly, Hartford is entitled to attorney's fees for defending Amato.
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] The policy issued by USAA contained the following provision:

If a covered person has other valid and collectible insurance against loss covered by this policy, we will pay our proportionate share of the loss.
In contrast, the Hartford policy contained the following provision:
This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.
[2] Hartford settled with Regina Apicella for $67,250 plus costs and with James Apicella for $2,500. The jury, however, assessed Regina's damages at $25,000 and her husband's damages at zero.