471 So.2d 144 (1985)
GLACE & RADCLIFFE, INC., a Florida Corporation, and Continental Casualty Company, Appellants,
v.
CITY OF LIVE OAK, Florida, a Municipal Corporation, Appellee.
No. AZ-207.
District Court of Appeal of Florida, First District.
June 7, 1985.
Rehearing Denied July 9, 1985.
*145 Herbert R. Kanning, P.A., and Harris Brown of Mathews, Osborne, McNatt, Gobelman and Cobb, Jacksonville, for appellants.
Andrew J. Decker, III, of Airth, Sellers, Lewis & Decker, Live Oak, for appellee.
PER CURIAM.
Appellant, Glace & Radcliffe, Inc. (Glace) and its insurer seek reversal of an order awarding attorney's fees to appellee, City of Live Oak (City) entered in connection with litigation in which the City and Glace were being sued by a third party, a surety on a performance bond for completion of a sewer construction project in the City of Live Oak. The City cross-claimed for indemnity against Glace, claiming that any damages suffered by the surety in connection with the surety's completion of the project after default of the general contractor was the fault of Glace, a firm retained by the City as consulting and supervising engineers for the project. We affirm.
The parties are in hopeless disagreement as to what occurred in the proceedings culminating in the trial court's entry of the order on appeal. Glace urges, primarily, that the attorney's fee award was premature, in that there had never been a trial resulting in a final judgment on the City's cross-claim against Glace, and that in the absence of such an adjudication there could be no award of attorney's fees. The City, on the other hand, maintains that the matter was submitted to the trial court by agreement and representation to the court that the only issue for determination was the amount of fees to be awarded to the City. It is undisputed that trial of the claims by the surety against the City and Glace was severed from trial of the City's cross-claim against Glace, and that the latter would be triable before the court, non-jury, at the conclusion of the trial of the surety's claims.
Unfortunately, no record was made of the proceedings before the trial court leading up to entry of the order on appeal, and a transcript is therefore not available for our review. Accordingly, we have no basis upon which to determine the applicability of the legal arguments presented by appellants on appeal, nor to determine which of these arguments, if any, were preserved for appellate review by timely objection below. The net effect of an appeal under these circumstances is little more than an attempt to transfer trial of the controversy to this court. This case is a perfect example of the futility of such an effort.
Notwithstanding our inability to fully review the merits of this case, we are able to discern from the court file transmitted to us that the City successfully defended the actions against it by the surety, and that in the surety's case against Glace, Glace was found guilty by a jury of substantial negligence in its handling of the project. That an innocent party drawn into litigation with a third party by the wrong of another party may be entitled to recover expenses, including attorney's fees in defending that litigation, is well established. *146 Auto-Owners Insurance Co. v. Hooks, 463 So.2d 468, 477 (Fla. 1st DCA 1985), and cases cited therein; see generally, 12 Fla. Jur.2d, Contribution, Indemnity, and Subrogation, §§ 14-15, pp. 28-31. Thus, we cannot say that the record before us discloses no basis upon which the trial court could have been justified in awarding attorney's fees to the City.
The trial court's order comes to us with a presumption of correctness which has not been overcome. St. Joe Paper Company v. State, Department of Environmental Regulation, 371 So.2d 178 (Fla. 1st DCA 1979); Pitts v. Ahlswede, 139 So.2d 159 (Fla. 1st DCA 1962); and Bates v. Brady, 126 So.2d 750 (Fla. 1st DCA 1961).
The order appealed from is therefore AFFIRMED.
MILLS, SMITH and THOMPSON, JJ., concur.