546 So.2d 1060 (1989)
STATE FARM FIRE & CASUALTY COMPANY, Appellant,
v.
Nathan PRITCHER and Carl Spatz, Appellees.
Nos. 88-1019, 88-1238.
District Court of Appeal of Florida, Third District.
April 4, 1989.
Rehearing Denied August 10, 1989.
*1061 Walton, Lantaff, Schroeder & Carson and Robert L. Teitler, Miami, for appellant.
Stephens, Lynn, Klein & McNicholas and Philip D. Parrish, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
PER CURIAM.
The appellee Pritcher, a client of attorney Spatz, contracted to purchase a property owned by parties named Kauffman, and insured by State Farm Fire & Casualty Company. The policy had a provision that no assignment would be valid unless State Farm gave written approval. At the time of closing Spatz gave notice of an assignment of the policy to Pritcher, to State Farm, but received no written approval. Subsequently, Pritcher suffered a loss, filed a claim with State Farm, which was denied because of no valid assignment. Pritcher then brought an action against State Farm on the policy and against Spatz for negligence. In this action, Spatz crossclaimed against State Farm seeking a declaratory decree that there was, in fact, a valid assignment. The trial court proceeded to try the issues, and held that there was an equitable assignment and rendered relief against State Farm, in favor of Pritcher. Subsequently, Pritcher dismissed his action against Spatz. Spatz sought attorney's fees against State Farm under the "wrongful act" doctrine pronounced in F & R Builders, Inc. v. United States Fidelity and Guaranty Company, 490 So.2d 1022 (Fla. 3d DCA 1986);[1]Canadian Universal Insurance Company v. Employers Surplus Lines Insurance Company, 325 So.2d 29 (Fla. 3d DCA 1976); and Milohnich v. First National Bank of Miami Springs, 224 So.2d 759 (Fla. 3d DCA 1969). The trial court awarded same to Spatz in the amount of $37,850.00. Thereafter this appeal ensued. We reverse.
Spatz was not the wronged party. Under the "wrongful act" doctrine that would have been Pritcher, except for the finding of an equitable assignment. See and compare Behar v. Jefferson National Bank at Sunny Isles, 519 So.2d 641 (Fla. 3d DCA 1988); Glace & Radcliffe, Inc. v. City of Live Oak, 471 So.2d 144 (Fla. 1st DCA 1985); Milohnich v. First National Bank of Miami Springs, supra. Where a defendant has committed a wrong toward the plaintiff, and the wrongful act has caused the plaintiff to litigate with third persons, the wrongful act doctrine permits the plaintiff to recover, as an additional element of damages, plaintiff's third party litigation expense. See Canadian Universal Ins. Co. v. Employers Surplus Lines Ins. Co., supra; Restatement of Torts 2d § 914; see also Manning v. Loidhamer, 13 Wash. App. 766, 538 P.2d 136, 138 (1975). The wrongful act doctrine does not create an independent cause of action; instead, it allows a claim for attorney's fees as special damages in the circumstances just stated.[2] *1062 But for the failure of Spatz to properly close the real estate purchase by failing to get written approval of assignment of the policy, State Farm would never have denied Pritcher's claim. He should not be permitted to recover fees which he suffered because of his failure to properly close the transaction. The fact that the trial court ultimately held that State Farm had to equitably recognize the assignment of its policy and honor Pritcher's claim does not excuse Spatz' failure to properly represent Pritcher in the first instance and see that the assignment of the policy was in accordance with its terms. Therefore, the order awarding fees under review be and the same is hereby reversed with directions to deny the relief sought by Spatz.
Reversed and remanded with directions.
BARKDULL and COPE, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
I entirely agree with the court's decision and underlying reasoning. I write separately only to note that the result is not dependent upon an endorsement of F & R Builders, Inc. v. United States Fidelity & Guaranty Co., 490 So.2d 1022 (Fla. 3d DCA 1986), and to indicate my views that, even on its own facts, F & R was wrongly decided insofar as it approves the recovery of attorney's fees expended in pursuing the action by the excess carrier against the primary insurer. Such a holding is contrary to what was previously a unanimity of authority on this point. See United States Auto. Ass'n v. Hartford Ins. Co., 468 So.2d 545 (Fla. 5th DCA 1985), pet. for review denied, 476 So.2d 676 (Fla. 1985); American Foreign Ins. Co. v. Avis Rent-A-Car Sys., 401 So.2d 855 (Fla. 1st DCA 1981); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979). Specifically, I disagree with the majority's hypothesis at note 2 that this portion of F & R may be rationalized on the theory that the excess carrier is subrogated to the rights of the insured to attorney's fees under section 627.428, Florida Statutes (1987). The fees to which I refer here were not expended by or on behalf of the insured in defending the primary action, but rather by the excess company itself in its separate case against the primary insurer which, as such, should have initially borne the defense expenses. Since there is nothing to be subrogated to in this respect and the excess carrier is plainly not itself an insured of the primary carrier, the statute does not apply.
NOTES
[1] On appeal Spatz relies heavily on F & R Builders, Inc. v. United States Fidelity and Guaranty Company, supra. We find this case to be distinguishable for the following reasons. Pritcher's action against Spatz could be based only upon the independent negligence of Spatz, and neither Spatz or his insurer stood in the shoes of an excess insurer as they could only become responsible to Pritcher based upon the negligent conduct of Spatz.
[2] We believe the Florida cases generally conform to this pattern. For example, in Canadian Universal the primary insurer wrongfully refused to settle within the primary limits and thereby "committed a wrongful act toward [the excess insurer]," 325 So.2d at 31, which caused the excess insurer to incur attorney's fees to defend the primary insured. Alternatively, the decision can also be seen as a wrong by the primary insurer toward its insured, to whose rights the excess carrier became subrogated after the excess carrier paid the defense costs of the primary insured. The same analysis applies to F & R Builders, supra.

We acknowledge a possible conflict with Auto-Owners Insurance Co. v. Hooks, 463 So.2d 468 (Fla. 1st DCA 1985), which by its reasoning can be interpreted to extend the wrongful act doctrine to allow an independent basis of recovery to a third party litigant, in that case, Var Heyl. Id. at 477. Auto-Owners can be reconciled with the view we take, since in that case Auto-Owners was found to have breached duties to both Hooks and Var Heyl, thus allowing both to recoup their respective third party litigation expenses.