560 So.2d 242 (1990)
ASSOCIATED ELECTRIC AND GAS INSURANCE SERVICES, LTD., Appellant,
v.
RANGER INSURANCE COMPANY, Appellee.
No. 87-2066.
District Court of Appeal of Florida, Third District.
February 20, 1990.
Rehearing Denied May 22, 1990.
Thompson & Associates and Scott M. Whitley and Jack Thompson, Miami, for appellant.
Beth Tyler Vogelsang, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH, JJ.
BASKIN, Judge.
Associated Electric and Gas Insurance Services, Ltd., [AEGIS] appeals the award of attorney's fees to Ranger Insurance Company [Ranger], codefendant in a declaratory action Houston Oil and Gas Company [Houston] brought to determine its coverage obligations under various policies. We reverse upon consideration of the appeal and supplemental briefs filed in conjunction with en banc hearing.
Houston was insured by Ranger, AEGIS, and Underwriters at Lloyd's, London [Lloyd's] for bodily injury and property damage. Ranger was the primary insurer *243 for the first $500,000 general liability coverage, AEGIS was the first excess carrier for $1,000,000 coverage in excess of Ranger's policy limits, and Lloyd's was the second excess carrier providing $19,000,000 coverage in excess of the other two limits. Ranger's policy provided a $500,000 aggregate limit for bodily injury. When Houston was sued for bodily injury damages, Ranger paid $500,000, AEGIS paid $1,000,000, and Lloyd's paid $481,737.39. Thereafter, Houston was sued for damages in four other claims for bodily injury and property damages. Ranger denied coverage on the ground that the previous claims had exhausted its aggregate limits; however, AEGIS and Lloyd's contested Ranger's denial of coverage. They asserted that the prior payments fell under Ranger's general liability coverage; thus, they refused to provide coverage. As a result, Houston filed a declaratory action against its three insurers. The trial court found that Ranger had exhausted its coverage. This court affirmed. Associated Elec. & Gas Ins. Serv., Ltd. v. Houston Oil & Gas Co., 552 So.2d 1110 (Fla. 3d DCA 1989). Ranger then asked for attorney's fees against AEGIS under section 627.428, Florida Statutes (1981).[1] Relying on this court's decision in F & R Builders, Inc. v. United States Fidelity & Guar. Co., 490 So.2d 1022 (Fla. 3d DCA 1986), the trial court awarded attorney's fees.
Attorney's fees under section 627.428, Florida Statutes (1981), are available "only to the contracting insured, the insured's estate, specifically named policy beneficiaries, and third parties who claim policy coverage by assignment from the insured." Roberts v. Carter, 350 So.2d 78, 79 (Fla. 1977); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979); American & Foreign Ins. Co. v. Avis Rent-A-Car Sys., Inc., 401 So.2d 855 (Fla. 1st DCA 1981). A primary insurer in an action to determine coverage due from an excess insurer does not fall within the purview of section 627.428. See American Home Assurance Co.; American & Foreign Ins. Co.; see also State Farm Fire & Casualty Co. v. Pritcher, 546 So.2d 1060, 1061 (Fla. 3d DCA 1989) (Schwartz, C.J., specially concurring). Ranger is not within any of the specified groups entitled to recover fees.
In the absence of a finding that the excess insurer wrongfully refused to provide coverage, attorney's fees are not recoverable in an action clarifying coverage obligations of multiple insurers. See Pritcher, 546 So.2d at 1061 (Schwartz, C.J., specially concurring); American Home Assurance Co.; Canadian Universal Ins. Co. v. Employers Surplus Lines Ins. Co., 325 So.2d 29 (Fla. 3d DCA), cert. denied, 336 So.2d 1180 (Fla. 1976); Jacksonville Shipyards, Inc. v. Oswego Petroleum Carriers, Inc., 473 So.2d 285 (Fla. 1st DCA 1985); United States Auto Ass'n v. Hartford Ins. Co., 468 So.2d 545 (Fla. 5th DCA), review denied, 476 So.2d 676 (Fla. 1985); American & Foreign Ins. Co. Unlike Canadian Universal, in which Canadian's wrongful refusal to settle subjected another insurer to unnecessary costs, here, AEGIS committed no wrongful act; it operated under the good faith belief that it was not required to provide coverage. Because the trial court made no finding that AEGIS acted wrongfully in refusing to provide coverage for Houston, Ranger may not recover attorney's fees in its declaratory judgment action. We expressly recede from F & R Builders, Inc. v. United States Fidelity & Guaranty Co., 490 So.2d 1022 (Fla. 3d DCA 1986), to the extent that it holds that attorney's fees are recoverable in a declaratory action between insurers, and adopt Judge Schwartz's special concurrence in Pritcher.
In summary, Ranger expended no funds on behalf of its insureds, and AEGIS committed no wrongful act. Thus, Ranger presents no lawful ground for recovery of attorney's fees.
Reversed and remanded.
NOTES
[1] Ranger did not seek attorney's fees from Lloyd's; Lloyd's is not a party to this appeal.