PER CURIAM.
Carteret Savings Bank, the mortgagee in this ease, now under conservatorship to the Resolution Trust Corporation, argued that its mortgagor was in default and sought foreclosure of the mortgage it held on a Dade property. The mortgagee moved for summary judgment in its favor. Hurricane An *705 drew then hit South Florida. Thereafter, a number of hearings were held on the proper resolution of the parties’ dispute, in light of the mortgagor’s prior missed payments and post-Andrew insurance funds which had become available. At several crucial hearings on the matter, no transcripts of proceedings were made. Both parties concede, however, that a settlement of sorts was ultimately reached, and reflected in the trial judge’s order which reinstated the mortgage and instructed how the insurance proceeds should be distributed. Several months after this resolution, the mortgagee and mortgagor returned to court once more, each side claiming that the trial judge’s instructions had not been followed. Finally adopting the mortgagor’s position, the trial judge determined that his previous decision controlled.
Here, because the order under review was the end product of a number of hearings for which there are no transcripts, without a complete record of proceedings, this court cannot properly conclude that the trial court’s judgment was not supported by evidence or by an alternative theory, nor can we conclude that the trial judge so misconceived the law as to require a reversal. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979). Glace & Radcliffe, Inc. v. City of Live Oak, 471 So.2d 144 (Fla. 1st DCA 1985); Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA), review denied, 438 So.2d 832 (Fla.1983).
Accordingly, we affirm the order under review.