949 So.2d 293 (2007)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
NATIONWIDE INSURANCE COMPANY, a foreign corporation, Appellee.
No. 1D06-2159.
District Court of Appeal of Florida, First District.
February 14, 2007.
Harris Brown, Jacksonville, for Appellant.
Charles W. Hall and Mark D. Tinker of Fowler, White, Boggs & Banker, P.A., St. Petersburg, for Appellee.
BROWNING, C.J.
A pedestrian hit by a car sued both the driver, insured by Nationwide, and his employer, insured by Progressive. Nationwide provided $100,000 of coverage; Progressive provided $1,000,000. Both insurers had a duty to defend, under the language of their policies. Both policies contained "other insurance" clauses; Nationwide's explained it would be liable "for only our share of the loss if there is other collectible liability insurance," and Progressive's characterized its coverage as "excess over any other valid and collectible insurance whether primary, excess or contingent."
Nationwide defended the claim; Progressive declined to defend. After settlement attempts failed, the jury returned a verdict for the pedestrian, in an amount over Nationwide's coverage limit, which Progressive was forced to pay. Progressive sued Nationwide, alleging (among other claims) bad faith in the defense of their insured at trial. Nationwide moved for summary judgment, and the motion was granted on the reasoning that Nationwide did not owe Progressive such a duty. Progressive now seeks review of that ruling.
It is undisputed that Nationwide is the primary carrier and Progressive the excess carrier because, in Florida, where two policies each contain "other insurance" clauses but one is "pro rata" and the other is "excess insurance," effect is given to the latter. See Demshar v. AAACon Auto Transp., Inc., 337 So.2d 963, 965 (Fla. 1976). Moreover, in Florida, a primary carrier owes a duty of good faith to an excess carrierthe same duty it owes its insured. Ranger Ins. Co. v. Travelers Indem. Co., 389 So.2d 272, 275 (Fla. 1st DCA 1980). This duty stems from equitable subrogation principles, in that, in the event of an award over the primary insurer's policy limits, the excess insurer incurs the same duty to pay that the insured would have in the absence of an excess insurer, and correspondingly the excess insurer has the same right to sue the primary insurer for bad faith as the insured. Id.; United States Auto. Ass'n v. Hartford Ins. Co., 468 So.2d 545, 547 (Fla. 5th DCA 1985). Therefore, Nationwide owed Progressive a duty of good faith. Accordingly, we REVERSE *295 the summary judgment for Nationwide, and REMAND for further proceedings.
WOLF and KAHN, JJ., concur.