[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12511
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-00099-CV-J-16-TEM

UNITED EDUCATORS INSURANCE,
a reciprocal risk retention group,
a Vermont reciprocal insurer,

Plaintiff-Appellee
Cross-Appellant,

versus

EVEREST INDEMNITY INSURANCE COMPANY,
a Delaware corporation,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 12, 2010)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

This case involves a dispute between two insurers about the liability of each in a settlement on behalf of their insureds. The underlying action was a wrongful death case against Edward Waters College and Alrod Security Services, brought by the estate of a student who was murdered on the College's campus. Alrod Security provided security guard services for the College.

Both the College and Alrod Security carried primary and excess insurance policies. The College had a primary liability policy with Everest Indemnity Insurance Company which provided a $1 million liability limit, and an excess policy with United Educators Insurance which provided a $5 million liability limit. Alrod Security had a primary liability policy with Everest which provided a $1 million liability limit, and an excess policy also with Everest which provided a $4 million liability limit. The College was an "additional insured" under the Alrod Security primary policy, but Alrod Security *was not* an "additional insured" under the College primary policy. As noted by the district court, the College and Alrod Security were insured equally by the Alrod Security primary policy. The College primary policy and the Alrod Security primary policy each contained "other insurance" clauses which "each state that the policy is a primary policy except that each policy is excess over any other primary insurance available to you [the insured] covering liability for

2

damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement." (R.4-42 at 5-6).

The student's estate agreed to settle the wrongful death claim against the College and Alrod Security for $2,750,000. In order to pay the settlement, Everest provided $1,000,000 under the Alrod Security primary policy, $1,000,000 under the College primary policy, and $375,000 under the Alrod Security excess policy. United Educators provided $375,000 under the College excess policy, but reserved the right to seek reallocation of the amount paid from the College's excess policy. Thereafter, United Educators filed an equitable subrogation complaint in order to recover from Everest the $375,000 that United Educators paid in the settlement. Everest filed a motion to dismiss United Educators's complaint.

The issue presented was the proper way to allocate the settlement among the four policies and the interpretation of the "other insurance" clauses in the policies. Following a discovery dispute, the parties stipulated that Everest's motion to dismiss and United Educators's responsive motion should be converted to cross-motions for summary judgment because the parties believed the factual record is adequate to decide a summary judgment motion on the proper allocation of the settlement between the policies. The district court accepted the stipulation and converted the

motion to a motion of summary judgment.  In holding for United Educators on the issue and awarding it $375,000, the district court concluded,

> that the Alrod Security primary policy was the primary policy and should provide the first level of payment up to its limit of $1,000,000 on behalf of both the College and Alrod Security. The order next found that, on behalf of the College, the College primary policy was primary over the Alrod Security excess policy and should pay the remaining $875,000.00 owed by the College.  Last, the order ruled that, on behalf of Alrod Security, the Alrod Security excess policy should pay the remaining $875,000.00 owed by Alrod Security.[1]

(R.5-51 at 3.)

Everest sought review of the district court's order pursuant to Fed. R. Civ. P. 59(e).  Additionally, United Educators sought attorneys' fees under Florida Statutes § 627.428.  The district court denied both Everest's Rule 59(e) motion and United Educators motion for attorneys' fees.  Both parties appeal.

Everest argues that the district court erred by assuming that the College and Alrod Security were each responsible for half of the amount of the settlement. Everest raised this argument for the first time in its motion for reconsideration. In rejecting this argument, the district court wrote in its order denying Everest's Rule 59(e) motion,

---

[1] This language is from the district court's order denying Everest's Rule 59(e) motion, in which it summarizes its earlier summary judgment order.

4

prior to the entry of judgment, Everest addressed neither the extent of coverage under the individual policies nor liability for the claims of the underlying complaint. Further, although having sufficient opportunity to do so before entry of judgment, Everest failed to oppose United Educators' assertion that the parties were equally responsible for the settlement amount. Everest waived these arguments by not raising them before entry of judgment.

(R.5-51 at 5.)

A rule 59(e) motion may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Accordingly, Everest may not challenge the district court's grant of summary judgment to United Educators' based upon an argument it raised for the first time in its Rule 59(e) motion. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 955-57, 961 (11th Cir. 2009). For the same reason, Everest's contention that the College was only covered under Alrod Security's primary policy "additional insured" provision for a limited portion of the underlying liability is also waived. *Id.*

The original issue argued before the district court was the interpretation of the "other insurance" clauses of the policies. Although Everest does discuss all the "other insurance" provisions in his brief, Everest focuses on the provisions in the excess policies. But more relevant to this case are the "other insurance" clauses in both primary policies. As discussed above, although Alrod Security's primary policy

covers both Alrod Security and the College, the College's primary policy covers only the College. Because of the College's primary policy "other insurance" provision and the fact that Alrod Security's primary policy covered the College as an additional insured, the College's primary policy was excess to Alrod Security's primary policy coverage of the College. In other words, it only activated once the Alrod Security primary policy exhausted its coverage. Thus, the first layer of payment was Alrod Security's primary policy. The policy contained a limit of $1 million, paying $500,000 to Alrod Security and $500,000 to the College. After this payment, the College and Alrod Security owed $875,000 each on the settlement. The next layer was the College primary policy, with a limit of $1,000,000. However, because it only covered the College, and not Alrod Security, the College primary policy paid the College's remaining $875,000 liability, and nothing more. The next policy available to Alrod Security was its excess policy, which paid its remaining $875,000 liability.

Alrod Security contends that the excess policies are only required to pay a settlement upon exhaustion of the primary insurance. We recognize that true excess policies only activate after the exhaustion of primary policies. *See, e.g., Chicago Ins. Co. v. Dominguez*, 420 So. 2d 882, 884 (Fla. 2d DCA 1982). But Alrod Security's argument ignores the analysis above, which is founded upon the following facts: 1) the College is an additional insured under Alrod Security's primary policy; 2) the

6

College's primary policy does not contribute to Alrod Security; and 3) the "other insurance" provisions of the primary policies, from which the College's primary policy becomes excess over Alrod Security's primary policy.

The district court's decision is in accord with Florida law. Alrod Security's excess policy was activated only after the primary policy available to *it* was exhausted. Accordingly, we find no error in the district court's finding that "the settlement never triggered the College['s] excess policy,"(R.4-42 at 7) , and no error in the resulting grant of summary judgment to United Educators and denial of summary judgment to Everest.

On cross-appeal, United Educators argues that the district court erred in concluding that Florida Statutes § 627.428,[2] does not allow attorneys' fees for insurers who attempt to recover from other insurers. The district court cited a Middle District of Florida case, which

---

[2] FLA. STAT. § 627.428(1), states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

reviewed Florida law on this point and [ ] adopted the view that Section 627.428 does not provide for "the recovery of attorney's fees expended in pursuing the action by the excess carrier against the primary insurer." *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1290 (M.D. Fla. 2005) (adopting the reasoning of *Associated Elec. and Gas Ins. Services, Ltd. v. Ranger Ins. Co.*, 560 So. 2d 242, 243 (Fla. 3d DCA 1990), and quoting Chief Judge Schwartz's concurring opinion in *State Farm Fire & Cas. Co. v. Pritcher*, 456 So. 2d 1060 (Fla. 3d DCA 1989)). "Insurers are not among those entitled to recover fees." *Id.* Accordingly, United Educators is not entitled to attorney's fees pursuant to Section 627.428, Florida Statutes.

(R.5-51 at 7.) United Educators contends that *Essex Builders*, upon which the district court relied, was rejected by the Florida Supreme Court in *Continental Casualty Co. v. Ryan Inc. Eastern*, 974 So. 2d 368 (Fla. 2008). Everest counters that *Continental Casualty* held that § 627.428 authorized only the three classes of persons explicitly identified in the statute to recover: named insureds (and their estates), omnibus insureds (and their estates), and named beneficiaries. Everest also argues that in *Continental Casualty*, "[t]he court [ ] rejected the surety's contention that its subrogation rights were the functional equivalent of an assignment, and held that the surety had no right to an award of fees under the statute because it did not have a written assignment from the insured." (Appellant's Response and Reply Brief at 18.)

We find that the district court erred by holding that insurers are not entitled to attorneys' fees under the statute as a matter of law. The Florida Supreme Court recently held,

8

[w]e reject the argument that Hartford is precluded from recovering attorney's fees because it can be classified as an insurer. This Court has previously awarded attorney's fees under section 627.428 to entities engaged in the business of insurance. For example, in *Fidelity & Deposit Co. v. First State Insurance Co.,* 677 So. 2d 266 (Fla. 1996), a fire insurer disputed coverage for a fire-damaged property arguing that it had previously cancelled the policy. *Id.* at 267. The insured settled with its "errors and omissions" insurer and assigned its right to sue the fire insurer for coverage. *Id.* We held that the "errors and omissions" insurer, which had obtained an assignment from the insured, would be entitled to an award of attorney's fees if it was successful in the suit against the fire insurer. *Id.* at 269.

*Continental Casualty*, 974 So. 2d at 374-75 n.5. Accordingly, we vacate the district court's order denying United Educator's request for attorneys' fees, and remand to that court for reconsideration of the issue.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

9